Parsons, C. J.
From the report it appears that the town oí Dalton was incorporated by the statute of 1783, c. 64, comprising lands not before included in any corporate town ; that Hinsdale has been since incorporated, including lands in the towns of Pa tridgefield and Dalton, by statute of 1804, c. 7 ; that when Dalton was incorporated, the pauper, Joanna Baxter, lived in the part of that town since Hinsdale, and was there settled ; and that after-wards. and before Hinsdale was incorporated, she removed to another part of Dalton, where she dwelt when Hinsdale was incorporated, and where she continued to dwell until her death. By the act incorporating Hinsdale, it is enacted that all poor persons, who may be a town charge, shall be supported by the towns of Patridgefeld, Hinsdale, or Dalton, in which part soever such person may have been born, or in any other way gained a settlement in said towns of Patridgefeld and Dalton, previous to the incorporation of Hinsdale.
From this statement it is very certain that, on the incorporation of Hinsdale, the settlement of the pauper was in that * town, as she had her settlement in Dalton, on its [*502 ] incorporation, by living in that part since Hinsdale, and *414 could gain no new settlement in Dalton by removing to another part of the same town. For Hinsdale is exclusively made legally liable for her support, whence her settlement in Hinsdale must be inferred. The judge also reports, that from the incorporation of Hinsdale to her death, she was a town charge as a pauper, and was maintained by Dalton. On these facts, Dalton claims a verdict for reimbursement by Hinsdale.
If one town will voluntarily maintain a pauper having a settlement in another town, no action will lie to recover compensation, unless it be given by our statute of 1793, c. 59, or is founded on an express promise. There does not appear to have been any express promise made by the town of Hinsdale; and Dalton must rely wholly on the statute to maintain this action.
By the ninth section, the overseers of the poor in any town are to provide for the immediate relief of all persons residing or found therein, and having settlements elsewhere, until they be removed to the town in which their lawful settlement is; which town shall reimburse the expenses of maintenance, and also of the burial of the pauper, incurred within three months next before notice given by the town incurring them. By virtue of this section, the town to be charged must have notice of the expenses incurred, before it is made liable to an action for reimbursement. And no expenses, unless incurred within three months before such notice, are a charge on the town.
The object of this provision is, that the town where the pauper is settled, may remove the pauper, and maintain him at its own discretion. But as some time may be necessary to find the place of settlement of a pauper standing in need of immediate relief, and to give notice, a limited time of three months is allowed.
Whether Dalton has given any notice to Hinsdale of the state of the pauper, is the next question. The plaintiffs [* 503 ] * insist that they gave notice to Hinsdale on the 6th of December, 1804. The fact, as reported, is, that Dalton, owing debts contracted before the incorporation of Hinsdale, and believing themselves liable to maintain the pauper Baxter, and another pauper named Peck, and supposing that they were entitled to some aid from Hinsdale, demanded this aid of Hinsdale on the 6th of December, 1804, which was refused.
We are satisfied that this was not notice within the intent of the statute. At this time, Dalton supposed the pauper’s settlement to be in that town ; they did not give Hinsdale notice that one of its paupers, residing or found in Dalton, required immediate relief; but they proceeded on a different ground, and required contribution from Hinsdale to maintain Baxter, and another pauper, whose set *415 tlement was in Dalton, and to pay some debts which Dalton owed. If Dalton neglected its rights, Hinsdale was not conscious, nor reminded of its duties.
But it has been argued for the plaintiffs, that, if notice was not given so early as the sixth of December, 1804, it was regularly given on the fifteenth of April, 1808 ; within two years of which time the action was brought.
On this point the judge has reported, that on the fifteenth of April, 1808, Dalton, by its agent, Porter, gave notice to one of the overseers of the poor of Hinsdale, that Dalton considered Hinsdale as the place of the pauper Baxter’s settlement by virtue of the act incorporating this last town, and should look to them accordingly.
We consider notice to one of the overseers of Hinsdale as sufficient ; for, by the twelfth section of the statute, a written notification for the purpose of removal is sufficient if it be given to one of the overseers of the town in which the settlement of the pauper is; and a fortiori where the object of the notice is to obtain a reimbursement of the expenses of maintaining the pauper. But we are also satisfied that this notice was not within the statute. Legal notice in this case must have been in writing; so that the * overseers, to whom the notice is given, may have [ * 504 ] the evidence of the notice in their possession, to justify their conduct to their town.
Further, it is our opinion, that regularly this notice should have been signed by the greater part of the overseers of Dalton, or by their order; for Hinsdale was not obliged to consider any other person as duly authorized by Dalton to give this notice. We, however, do not say that the notice given by an agent duly authorized can in no case be sufficient. In the present case, had the agent given this notice in writing under his hand, and furnished the overseers of Hinsdale with a certified copy of the vote appointing him agent for this purpose, it might have been sufficient.
The plaintiffs, therefore, cannot prevail in this action, because they did not pursue the remedy given by the statute.
Let the verdict be set aside, a general verdict for the defendants be entered, and judgment be rendered thereon.