Parker C. J.
afterward drew up the opinion of the Court. This case must turn upon the construction given to the St. 1821, c. 82, which incorporates the town of West Bridgewater. The provision in that statute respecting liability to the support of paupers, was probably the result of a previous compact between the inhabitants of the new and the old town. If the terms of their agreement, as adopted by the legislature, operate unequally, so as to be injurious to the new town, it is a misfortune which cannot now be cured. The Court, knowing nothing of the intention of the parties but from the statute itself, *58 are bound to give a strict legal construction ; otherwise injus tice might be done to the other party.
A judicial construction has already been given to a similar provision in St. 1823, c. 31, incorporating the town of East Bridgewater. This construction has been supposed to bear very severely on West Bridgewater, and therefore we have been strongly urged to revise that case and adopt a different rule for the present case. We should be very willing to do so, if, upon due consideration, the opinion there given should be found to be wrong, especially as by the report of the case of North Bridgewater it does not appear that the Court gave any reasons for the decision, but seemed to rely on previously decided cases. We have now taken the trouble to look minutely into all the cases which preceded the case of North Bmgewater, and are satisfied that the decision was conformable to them, and that they were all decided on sound principles.
The phraseology of this provision is certainly obscure. “All persons who may hereafter become chargeable as paupers to the said towns of Bridgewater and West Bridgewater, shall be considered as belonging to that town on the territory of which they had their settlement at the time of passing this act, and shall in future be chargeable to that town only.” We can fihd no other meaning for this provision, than that in questions respecting the settlement of such of the inhabitants as should become paupers, regard should be had to the origin of their settlement, and not merely to the place of their residence ; because if the latter were intended, the provision would have been simply that such persons as hereafter should become chargeable as paupers to the town of Bridgewater, should be considered as the páupers of that one of the two towns on whose territory they resided. It could not, we think, have been intended, that such acts as would constitute a settlement in another town, should make a new settlement in either part of the old town of Bridgewater, because it being impossible before the division to gain a settlement in any section or part of the town, if the legislature intended such a settlement, the provision would have oeen explicit to that effect. We can only suppose then that the legislature, in sanctioning this adjustment, meant to establish an analogy in respect to the settlement of paupers, between *59 these towns and other towns antecedently existing independent of each other : the rule in regard to which is, that the original settlement under which that of the pauper is derived, is to continue, until a new settlement has been acquired by the pauper or some of his ancestors. The original settlement is in Bridgewater; by virtue of this statute it is in-West Bridge-water. Has it been lost and a new one acquired ? It could not be, except in some other town ; therefore the settlement of this pauper was had or was acquired on the territory of West Bridgewater, the place of residence of his great-grandfather, w'here he would have had his settlement, if that had then been, as now, a distinct town.
By virtue of Prov. St. 4 W. & M. c. 12, the great-grandather had his settlement in Bridgewater, he then having lived m the west part of the town twenty-two years, and continued to live there twenty years afterward without having been warned to depart. This settlement was communicated to all his pos;erity, unless they changed it; which they could do only by removing to some other town and gaining a new settlement therein. It is said that it does not appear that his son, the grandfather of the pauper, was a minor at the time when this original settlement was gained, and that if of age, he might then have had an independent one in some other part of Bridgewater or elsewhere. But this is a fact to be shown by the defendants to avoid the effect of the derivative settlement from the great-grandfather.
The principle leading to the construction now given, was settled first in the case of Dalton v. Hinsdale, 6 Mass. R. 501; afterward recognized in the case of Princeton v. West Boylston, 15 Mass. R. 247 ; and we do not find any thing repugnant, in the cases cited by the defendants’ counsel.[1]

 See North Bridgewater v. East Bridgewater, 13 Pick. 303; Hanson v. Pembroke, 16 Pick. 197.