## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER.

---

## The Inhabitants of NEW BRAINTREE *versus* The Inhabitants of BOYLSTON.

An act incorporating a part of a town into a separate town, provided that any person who might have gained an inhabitancy within the part thus incorporated, and who should thereafter need to be supported as a poor person, should be supported by the new town. *Held*, that a pauper who had gained a settlement on that part of the territory which continued to be the old town, but had removed into the other part before it was incorporated as the new town, retained his settlement in the old town.

ON a case stated it appeared, that this was assumpsit for the support of Hastings Glazier, who was alleged to have his settlement in Boylston. Hastings was the son of Oliver Glazier. Oliver's father gained a settlement and resided upon the territory which is now Boylston. Oliver was born there and lived there, paying taxes, after he was twenty-one years of age, long enough to have gained a settlement, if he derived none from his father, before he removed to the territory which is now West Boylston. Hastings was born in the territory which is now Boylston. He was twenty-three years old when West Boylston was incorporated, and then resided in his father's family in the part of Boylston, which was incorporated into West Boylston. He has never acquired a settlement in any other place.

The act passed on the 30th of January, 1808, (*St.* 1807, c. 48,) to incorporate a part of the towns of Boylston, Hol

den and Sterling into a separate town by the name of West Boylston, provides, that " any person, who may have gained an inhabitancy at any time before the first Monday of March next, within that part of either of said towns, which is by this act incorporated into West Boylston, and who shall hereafter need to be supported as a poor person, shall be supported by the town of West Boylston."

If the Court should be of opinion that the pauper's legal settlement was in Boylston, the defendants were to be defaulted ; otherwise the plaintiffs were to be nonsuited.

*J. Davis* and *Washburn*, for the plaintiffs.

*Merrick*, for the defendants, cited *Brewster* v. *Harwich*, 4 Mass. R. 278 ; *Windham* v. *Portland*, ibid. 384 ; *Salem* v. *Hamilton*, ibid. 676.

MORTON J. delivered the opinion of the Court. The father and grandfather of the pauper were inhabitants of Boylston, and he had a derivative settlement there which he still retains, unless he has acquired one elsewhere. His residence upon that part of the territory of Boylston which was included within the limits of West Boylston, will, by the 10th article of the 2d section of *St.* 1793, *c.* 34, give him a settlement in the latter town, unless the clause in the act of incorporation, which has been referred to, supersedes in this respect the general law.

However difficult it might have been originally to ascertain the true meaning of the legislature, or to put a reasonable and equitable construction upon this clause, that difficulty has been overcome.

In *Princeton* v. *West Boylston*, 15 Mass. R. 257, the Court gave a construction to the same clause, which was in conformity to previous decisions upon similar words in other statutes ; *Dalton* v. *Hinsdale*, 6 Mass. R. 501 ; *Great Barrington* v. *Lancaster*, 14 Mass. R. 253 ; and which has been repeatedly adhered to and confirmed in subsequent decisions. *East Bridgewater* v. *Bridgewater*, 2 Pick. 572 ; *Bridgewater* v. *West Bridgewater*, 9 Pick. 55. The judgment in the latter case was a deliberate revision of the former cases and the statutes, upon a full and very able argument.

The construction which has been adopted has in its suppor*

New
Braintree
v.
Boylston.

not only judicial, but legislative authority. The language adopted in *St.* 1821, *c.* 12 and *c.* 82, and *St.* 1823, *c.* 31, and some other acts, is substantially the same as that under consideration. It must have been used with a knowledge of the meaning which the Court had imputed to it, and necessarily implies an approbation of their construction. In the subsequent statutes the legislature must have intended to use the language in the sense which had been adopted. Now to change the construction, would lead to inconsistent and absurd consequences. We feel no disposition to make such change. The decisions have stood too long, been too uniform, and received too high sanctions, now to be called in question.

The pauper having gained a settlement on that part of the territory which still remains within the limits of Boylston, could not lose his old or gain a new settlement by removing to another part of the same town.

*Defendants defaulted.*