## CHARLES ROBBINS *versus* The Inhabitants of WESTON.

The *St.* 1834, *c.* 151, § 10, provides that whenever any sum shall be due to the master of a house of correction for the care and expense of supporting any person committed &c., he shall have a right to demand and recover the same of such person &c., or of the town wherein he is lawfully settled, and if such person, town &c., shall neglect to pay such sum for the space of fourteen days after the same shall have been demanded in writing of him or them respectively, or of one of the selectmen &c., the master shall be entitled to an action &c. It was *held*, that the word *demand* does not mean a personal presentation of the account for immediate payment, and that a letter from the master to the selectmen of the town, would be sufficient to satisfy the requisitions of the statute.

The demand upon the selectmen of the town, may be made by a person specially authorized by the master to make the same and to receive the money, but in such case the selectmen, being public agents, are entitled to be furnished, at the time of the demand, with the evidence of the authority of the agent.

ASSUMPSIT by the master of the house of correction in Boston, to recover the sum of $30·46, for the support of Abijah Bemis, as set forth in an account annexed to the writ, signed by the overseers of the house of correction.

The only point in the case was upon the sufficiency of the demand made upon the defendants.

Upon a case stated it appeared, that on October 20, 1835, a letter was put into the post-office, and was received in due course of mail by the selectmen of Weston. The postage was not paid.

The letter was as follows : " To the selectmen of the town of Weston. Gentlemen, Mr. Charles Robbins, the master of the house of correction of the city of Boston, has sent to our office for collection an account against the town of Weston, for the support of one Abijah Bemis, amounting to $30.46, after deducting the net profits arising from his labor. This account has been allowed and duly certified by the overseers, as required by the statute, and we are directed to put it in suit at the expiration of fourteen days from the date of this notice, unless it shall be previously settled. The account may be found at our office. Respectfully your obedient servants, Prescott & Derby." This letter was written by Prescott & Derby a. the request of the

board of overseers of the house of correction, and their doings therein were acknowledged and ratified by Robbins, the master.

If these facts constituted a sufficient demand under *St.* 1834, *c.* 151, § 10, judgment was to be rendered for the plaintiff; otherwise for the defendants.

*Choate* and *E. Hersey Derby*, for the plaintiff, argued that a demand under *St.* 1834, *c.* 151, § 10, (Revised Stat. *c.* 43, § 15, 16,) might be made by letter sent by mail, and that it might be made by attorney; that as there were about three hundred convicts in the house of correction, it would . be impossible for the master to make the demand personally in all cases; and that the demand in question was sufficient. They cited *Walpole v. Hopkinton*, 4 Pick. 358; *Topsham v. Harpswell*, 1 Mass. R. 518; *Quincy v. Braintree*, 5 Mass. R. 86; *Thompson v. Shirley*, 1 Esp. R. 31; *Logan v. Houlditch*, 1 Esp. R. 22; *Freeman v. Boynton*, 7 Mass. R. 483; *Munn v. Baldwin*, 6 Mass. R. 316; *Hayward v. Hague*, 4 Esp. R. 92; *Simpson v. Routh*, 4 Dowl. & Ryl. 181; *The King v. Ford*, 2 Adolph. & Ellis, 588.

*Rand* and *Fiske*, for the defendants, objected that the demand was not signed by the master of the house of correction, nor by any person lawfully authorized by him; that if the writers of the letter were his lawful attorneys, the evidence of their authority should have been exhibited at the time of the demand; that a legal demand could not be made by an attorney, and if it was inconvenient to make a personal demand in all cases, it was for the legislature to provide the remedy; that the transmission of the demand by mail, was improper, but if not, that the defendants were not liable to postage; and that the demand should be so made as to give the party chargeable an opportunity of satisfying the claim at once. *Groton v. Lancaster*, 16 Mass. R. 110; *Freeman v. Boynton*, 7 Mass. R. 486; *Dalton v. Hinsdale*, 6 Mass. R. 501; Sugd. Vend. (9th edit.) 452.

Shaw C. J. delivered the opinion of the Court. This question turns upon the construction of the statute authorizing a suit by the master of a house of correction, against a town, for the balance of the expense of supporting a convict, in

such house, where the town is the proper town of the pauper's settlement and liable for his support, the same having been demanded in writing, and having remained unpaid fourteen days.  *St.* 1834, *c.* 151, § 10.

The provision is as follows : — " Whenever any sum shall be due to any keeper of a house of correction, for the care and expense of supporting and employing any person &c., which shall have been allowed and duly certified by the overseers, he shall have a right to demand and recover the same of such person &c., or of the city, town or district wherein he is lawfully settled &c., and if such person, city or town &c. shall refuse or neglect to pay such sum for the space of fourteen days after the same shall have been demanded in writing, of him or them respectively, or of one of the members of the city council of Boston, or of the selectmen of the town or district, the said keeper shall be entitled to an action, against the city or town," &c.

The manifest object of the statute was, to give authoritative notice, to the party chargeable, of the nature and amount of the claim.    It is to be in writing, so that the particular officer who receives it, may lay it before the proper officers, whose duty it is to investigate such claims, and direct their payment.

The statute manifestly contemplates, that in general it is not expected that the officer on whom the demand is made, will forthwith pay it.    It may be made on the town or city, or upon the selectmen of the town or district, or any member of the city council of Boston.    Such officers, in general, can only communicate the demand to the proper officer, and is responsible for doing so.    It is observable that the demand is to be made on the city or town, in its aggregate capacity, which can only be done in writing.    So the demand is to be made on the selectmen as a body, and not individually.    In no case is it to be made on the treasurer or disbursing officer, as it would be required to be, if immediate payment were expected as a consequence of the demand.    The statute contemplates no second demand after the expiration of the fourteen days ; but the previous demand and the lapse of time, do by force of the statute impose a duty on the town, and if it is not performed, they become liable to an action.

Under these circumstances, looking at the terms of the statute, the subject matter, and the obvious purpose and design of the act, the Court are of opinion, that the word *demand*, in this statute, does not mean a personal presentation of the account for present and immediate payment, and therefore that a demand in writing, made by the master by letter, to either of the aggregate bodies or officers on whom by law it is required to be made, is sufficient to satisfy the requirements of the statute.

Whether such a demand can be legally made by an agent or attorney duly authorized, is another and very different question. In the case of *Dalton* v. *Hinsdale*, 6 Mass. R. 501, it was intimated, that a notice by overseers of the poor might be given by an agent duly authorized, accompanied by authentic evidence of his authority. The statute requires that the demand shall be made by the master of the house of correction, but the mode of demand is left to construction.

The question then is, supposing a demand may be made by an agent, whether the demand was well made by the attorneys of the plaintiff, in the present case.

From the construction which the Court, upon a consideration of the terms and the intent of the statute, have put upon the word " demand," we do not consider it a necessary consequence, that it means merely notice. It is to come from the master, as an official act, it is to go to the town or its officers in their official capacity, for them to act upon and to bind others. · It is therefore to be regarded as official and authoritative information of the existence, nature and amount of the claim, and a requisition to pay it. Regularly therefore it should be made by the master himself, it being his information and requisition only, that the town and its agents are bound to recognise. It is said that as the master will often be a stranger, his name might be used by another person, and the town deceived. But this could only be done by forgery, a crime not readily to be suspected, nor likely to be committed, a crime by which all persons, in all the transactions of society, are liable to be deceived. But as the demand required by the statute is a ministerial act, we are not prepared to say that it may not be made by one specially authorized to make the de

Robbins
v.
Weston.

-mand and receive the money. But in this case, we are of opinion, that those on whom the demand is made, as they are public agents, and bound to act under a considerable responsibility, are entitled to be furnished with the evidence of the authority of the agent, so that they may have the information equally authentic, and in other respects have the same security, as if the demand in writing were made by the master under his own hand.

In the case already cited, (*Dalton* v. *Hinsdale*, 6 Mass. R. 501,) the Court expressed themselves inclined to the opinion, that the notice required to be given by and to overseers, may be given by an agent, provided it be accompanied with an authenticated copy of the vote by which he was appointed.

So in this case, we are of opinion, that if the master shall specially authorize one in writing to make this demand for him, and the agent shall make the demand in writing, accompanied by the power of attorney or other authority, i will be a demand conformable to the statute. But as no such demand was made in the present case, and as such a demand, in one form or the other, is a condition precedent to an action, the Court are of opinion that this action cannot be supported.

*Plaintiff nonsuit.*