WINGATE ILSLEY & wife *vs.* INHABITANTS OF ESSEX COUNTY

A notice to the chairman of the county commissioners is not sufficient, under the *St.* of 1855, *c.* 95, to charge the county with the penalty imposed by that statute for the neglect of the county commissioners to erect bounds at the terminations and angles of a county road for one month " after being notified so to do " by the owner of the land.

ACTION OF TORT of *St.* 1855, *c.* 95, to recover the penalty imposed by that statute on the county in case " the county commissioners shall neglect " to erect bounds, as required by *St.* 1848, *c.* 192, at the terminations or angles of a county road, " for the space of one month, after being notified so to do " by the owner of land through which the road passes.

At the trial in the court of common pleas, *Morris,* J. ruled that a written notice delivered to the chairman of the county commissioners was sufficient, under the statute. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*S. H. Phillips,* for the defendants.

*N. W. Harmon,* for the plaintiffs, cited *Sts.* 1855, *c.* 95, § 1; 1793, *c.* 59, § 13; 1848, *c.* 192; Rev. Sts. *c.* 90, § 42; *c.* 46, §§ 18–21; *Dalton* v. *Hinsdale,* 6 Mass. 501; *Northfield* v. *Taunton,* 4 Met. 433; *Underwood* v. *Scituate,* 7 Met. 214.

BIGELOW, J. The duty required by *St.* 1848, *c.* 192, to be performed by county commissioners and by other officers therein named, is imposed on them, not as individuals occupying an official position, but as a body or board of officers constituted by law and charged with the execution of certain public duties and trusts. It was not competent, therefore, for any one of them to act without the concurrence of his associates or of a majority of them. The rule is well settled, that where an authority is vested, or a duty imposed by law, to be exercised by a public organized body, it is necessary that the whole or a majority of the body should concur in all official acts in order to render them valid. *Williams* v. *School District in Lunenburg,* 21 Pick. 75. *Sprague* v. *Bailey,* 19 Pick. 436. *Jones* v. *Andover,*

9 Pick. 146. *The King* v. *Beeston,* 3 T. R. 592. *Withnell* v. *Gartham,* 6 T. R. 388. This principle is decisive of the present case. By *St.* 1855, *c.* 95, § 1, no penalty was incurred for an omission or neglect to comply with the requisitions of *St.* 1848, *c.* 192, until one month after notice to the county commissioners to perform the duty thereby imposed on them. There was therefore no neglect and no liability to the penalty until notice was given to the body who alone could execute the duty required by law. A notice to one member only was wholly insufficient. He could not act by himself. Nor was he bound to give notice to the other members of the board. The statute imposes no such duty upon him. The owner of land through which a road has been laid out is required to give the necessary notice. Without such notice to all those composing the body charged with the duty, there has been no such opportunity given them to act, as the statute contemplates before the penalty is incurred. It would be giving too liberal a construction to a highly penal statute, to hold that a town or county was liable to a penalty for the neglect of a board of officers to perform an act within a certain time after notice to them, when it appeared that only one of such board had received the notice required by law. It was the neglect of the board to perform the duty, not of any one individual member of it, which the statute intended to guard against by a heavy penalty.

The case of *Dalton* v. *Hinsdale,* 6 Mass. 501, cited by the plaintiff in support of the validity of the notice in this case, is not in point. It was decided on the ground that the statute expressly authorized a notice to one of the overseers of the poor, for the purpose of procuring a removal of a pauper from a town, and " *a fortiori* where the object of the notice is to obtain a reimbursement of the expenses of maintaining the pauper." It was a decision on the words of the statute then before the court, and bears no analogy to the present case.

*Exceptions sustained.*