## ANGELA E. ROBERTS CASE.

Suffolk.    May 17, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Feeble Minded Person.   Notice.   Overseers of the Poor.*

A notice in writing, by one applying to a judge of probate for the commitment of a feeble minded person to the Massachusetts School for the Feeble-Minded in accordance with R. L. c. 87, §§ 118, 119, which is addressed " Overseer of the Poor " of the town where the alleged feeble minded person resides, and which is sent by mail and placed in a post office box where mail for the overseers of the poor of that town is put, whence it is taken by one of the overseers, who acknowledges such receipt without the knowledge of his associates, is sufficient notice to satisfy the requirements of § 119.

If the notice in writing, which is required by R. L. c. 87, § 119, to be given, by one applying for the commitment of a feeble minded person to the Massachusetts School for the Feeble-Minded, to the overseers of the town where such feeble minded person resides, is given to one member of that board, it is sufficient.

KNOWLTON, C. J.   This is a writ of *habeas corpus* on which the return shows that the person alleged to be imprisoned and restrained of her liberty is an inmate of the Massachusetts School for the Feeble-Minded, held by the superintendent of the school under a commitment by the judge of probate for the county of Worcester.   No question is made in regard to the form of the report to this court, and we treat the report as presenting all questions of law that appear on the record and the findings of the single justice.*

The commitment was made under the R. L. c. 87, §§ 118, 119.   The petitioner for the writ contends that the commitment was irregular and void, and the detention illegal, because of a failure to give notice of the original proceeding to the overseers of the poor of the town of Attleborough, where the alleged feeble minded person resided, and a failure to give evidence of such notice to the judge who made the commitment.   This is the only matter argued by the petitioner, and the only ground on which he contends that the prisoner should be discharged from the school.

---

* *Morton*, J., who reported the case " for determination by the full court such order to be entered as law and justice may require."

Section 119 of the statute provides that a person who intends to apply for the commitment of a feeble minded person " shall first give notice in writing to the overseers of the poor of the city or town in which such feeble-minded person resides, of such intention. . . . Satisfactory evidence that such notice has been given shall be produced to the judge and shall accompany the order of commitment."

In this case the applicant sent a letter addressed, " Overseer of the Poor, Attleboro, Mass.," giving notice in writing of her intention to apply for the commitment of Angela Esther Roberts to the school for the feeble minded. In reply to the notice the applicant received the following letter:

      " Office of the Overseers of the Poor,
        " Attleboro, Mass., Dec. 16, 1902.
" Elizabeth C. Putnam,
  " Madam,

  " A document containing your signature, also one signed by Mary W. Dewson, giving reasons why ' Angela Esther Roberts ' should be ' committed to the Mass. School for Feeble Minded ' has been received at this office. We most respectfully decline signing the above mentioned document until we can get more definite information in regard to the parents of the said ' Angela Esther Roberts ' than ' that the parents lived in Attleboro.'
     " Very respectfully,
       " G. B. Fittz, Visitor,
      " For the Overseers of the Poor."

Fittz was one of the overseers of the poor and was the visitor for the board. In reply to this letter another letter was written to him, giving him further information and an identification of the parents of the girl. Afterwards he sent a return and certificate upon the commitment paper, as follows:

         " January 6, 1903.

  " I, the subscriber, overseer of the poor of the town of Attleboro where Esther A. Roberts resides, hereby certify that I have been notified in writing of the intention of Elizabeth C. Putnam to apply for the commitment of her friend, the said Esther A. Roberts to the Massachusetts School for the Feeble-Minded.
       " George B. Fittz."

He had no authority to act in any matter pertaining to the overseers of the poor before bringing the subject to the attention of the other members of the board, and in this matter he acted without the knowledge of his associates. The mail for the overseers of the poor was put in a box in the local post office, to which he had a key.

The notice in writing was perfect in form, except that it was addressed to the " overseer of the poor," instead of the " overseers of the poor." We think this irregularity was immaterial. The substance of the notice showed that it was for the overseers as a board, and the address showed that it was for every member, as well as for any one member. It was received by a member of the board who evidently obtained it from the post office by virtue of his official authority. The purpose of the notice is, particularly, to bring the facts to the knowledge of the board that represents the town in the matter of support of paupers, in reference to the liability of the town for charges in the school, on account of those who have settlements in the town. It comes within the class of notices in which it has been held that, if the notice is given to one member of the board, it is sufficient. *Walpole* v. *Hopkinton*, 4 Pick. 357. *Dalton* v. *Hinsdale*, 6 Mass. 501. *Oakham* v. *Sutton*, 13 Met. 192, 197. *Greene* v. *Taunton*, 1 Greenl. 228. *Gorham* v. *Calais*, 4 Greenl. 475. It is different from a demand upon the county commissioners for official action, neglect of which is visited with a penalty, which was the subject of the decision in *Ilsley* v. *Essex County*, 7 Gray, 465. Where the purpose of a notice is merely to give information to an official board representing a town, in reference to a possible pecuniary liability, it would be unreasonable to hold that the person giving the information must give it personally to every individual member of the board, or that in a matter of this kind he should be obliged to wait until there is a formal meeting of the board. We are of opinion that the notice and the evidence of giving it, produced to the judge, were all that the law requires. The question of the constitutionality of the statute and other questions suggested at the hearing before the single justice have not been argued by the petitioner, and we need not consider them. See *Dowdell, petitioner*, 169 Mass. 387, 389.

*Prisoner remanded.*

The case was submitted on briefs.

*P. E. Brady*, for the petitioner.

*D. Malone*, Attorney General, *& A. Marshall*, Assistant Attorney General, for the Massachusetts School for the Feeble-Minded.