## HARRIET E. PAGE vs. CITY OF MELROSE.

Middlesex.    January 28, 1904. — September 7, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Findings of commissioner on appeal for abatement of taxes, Exceptions.
    *Tax,* Abatement.

The findings on matters of fact of a commissioner appointed under R. L. c. 12,
    § 80, on an appeal to the Superior Court for an abatement of taxes, are not
    open to revision by this court on exceptions.
Where in a case before this court on exceptions, the report of a commissioner ap-
    pointed by the Superior Court on an appeal for an abatement of taxes reported
    the evidence, although the rule to the commissioner ordered him only " to hear
    the parties and report the facts to the court," and the Superior Court treated the
    evidence as before it upon the commissioner's report, this court considered the
    case as if the rule had required a report of the evidence as well as of the facts.
On an appeal to the Superior Court for an abatement of taxes the commissioner's
    report stated that no evidence was offered as to whether or not the assessors
    issued or published any notice to bring in returns under R. L. c. 12, §§ 41, 74,
    there was in evidence, produced by the respondent, a list of the petitioner's
    property on a blank in the usual form indorsed for filing as such and sworn to
    by the petitioner before one of the assessors on May 31 of the year in question,
    and it appeared that the assessors had abated a certain sum from the petitioner's
    tax as originally assessed.    *Held,* that, taking into account the presumption that
    the assessors proceeded according to law in all their official doings, the evidence
    justified the commissioner in finding that the petitioner brought in a list of his
    real and personal estate as required by R. L. c. 12, § 41, seasonably filed within
    the requirement of § 74.                    ◦
Under R. L. c. 12, § 73, an application to the assessors of a city or town for an
    abatement of taxes need not be in writing.
On an. appeal to the Superior Court for an abatement of taxes, the facts, that a
    partial abatement was made by the assessors, that interest was charged upon
    the tax bill only from January 20, and that the assessors by a letter in February
    informed the petitioner that the board had voted to take no action toward re-
    ducing the assessed valuation of his estate, are evidence justifying a finding that
    the petitioner made a sufficient oral application for an abatement within six
    months from the date of his tax bill as required by R. L. c. 12, § 73.

BARKER, J.    This appeal from the refusal of the assessors of
the city of Melrose to abate a tax was committed by the Supe-
rior Court to a commissioner to hear the parties and report the
facts to that court.    At the hearing before the commissioner the
respondent requested him to report the evidence.    The report
contains a statement of the evidence, followed by a statement

of the facts found by the commissioner, concluding with a finding that the petitioner is entitled to an abatement of $60 with interest from March 16, 1903. The commissioner's report shows that at the hearing before him the respondent took eight exceptions to the exclusion or admission of evidence. The case was submitted to the Superior Court upon the report of the commissioner and the questions of law involved therein, and the respondent requested the judge to rule that the evidence reported by the commissioner did not warrant his findings and rulings, and that upon the evidence reported and the facts found by him so far as warranted by the evidence the petitioner was not entitled to maintain her petition. The judge declined to give either of the rulings requested and granted an abatement, and the cause is here upon a bill of exceptions to the action of the judge.

1. The exceptions to the admission and exclusion of evidence by the commissioner do not seem to have been relied on at the hearing in the Superior Court and have not been argued here. We do not consider or pass upon them.

2. It was held in *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257, that the judgment in matters of fact of a commissioner appointed under St. 1890, c. 127, § 5, now R. L. c. 12, § 80, is not open to revision in this court on exceptions. Therefore the only questions now open are the questions of law whether upon the evidence reported the commissioner's findings were warranted, and whether upon the findings so far as warranted the petitioner was entitled to an abatement.

A preliminary question is raised by the petitioner, whether the report of evidence can be considered here. The statute provides for a report of the facts " with or without the evidence." The rule to the commissioner ordered him " to hear the parties and report the facts to the court ", and did not order him to report the evidence. We infer from the bill of exceptions that the court below treated the evidence as before it upon the commissioner's report. ' As that court could have recommitted the cause for a report of the evidence if it had seen fit, we have examined the case as if the rule had required a report of the evidence as well as of the facts.

The particulars in which the respondent contends that the find-

ings of the commissioner were not warranted by the evidence are that it does not appear that the petitioner filed her list seasonably, and that the evidence does not prove that she made a sufficient application to the assessors for an abatement.

The tax in respect of which the abatement was sought was one assessed on real estate as of May 1, 1902. It was incumbent on the petitioner to show that she seasonably filed a list of her property as required by statute. R. L. c. 12, §§ 41, 74. The report states that no evidence was offered as to whether or not the assessors issued or published any notice pursuant to R. L. c. 12, § 41. A list of the petitioner's property as of the year 1902, upon a blank in the usual form, indorsed for filing " Statement for the Taxable Year 1902 of Harriet E. Page ", the petitioner, and sworn to by her on May 31, 1902, before one of the assessors, was in evidence, produced by the respondent. Besides this it appeared that the assessors had abated the sum of $22.36 from the petitioner's tax as originally assessed. Taking into account the presumption that the assessors proceeded according to law in all their official doings, we are of opinion that the evidence justified the commissioner in finding that the petitioner duly brought in to the assessors a list of her real and personal estate as required by R. L. c. 12, § 41.

The principal contention that no sufficient application to the assessors for an abatement was shown is founded upon the contention that such applications must be in writing. The statutory provisions for abatement by the assessors are found in R. L. c. 12, §§ 73–76. The initial provision is that " A person aggrieved by the taxes assessed upon him may . . . apply to the assessors for an abatement thereof." There is no explicit requirement that the application shall be in writing. By § 74 if the applicant seeks an abatement of a tax upon real estate and has not included real estate in his list of taxable property brought in to the assessors under § 41 " he shall . . . file with his application a list . . . of his real estate." The words " with his application ", so far as we are informed, have been commonly considered to mean " at the time of making his application ", and have not been thought to carry any implication that the application itself must be in writing or be filed. The usual course of proceedings upon applications to assessors for abatement is entirely

informal. It would be we think a great surprise to the community to hold that an oral application for abatement was not legal and sufficient. We find support for this view in the specific requirement of R. L. c. 12, § 76, that the notice of the assessors' decision upon an application for abatement shall be written. This seems to imply that the previous proceedings may have been oral.

The respondent also contends that if an oral application was sufficient there was no sufficient evidence that one was made. The weight of the evidence was for the commissioner. The partial abatement made by the assessors, the fact that interest was charged upon the tax bill only from January 20, 1903, and the letter of February 18, 1903, communicating to the petitioner's agent the fact that the board of assessors had voted to take no action toward reducing the assessed valuation of her estate, were pregnant circumstances justifying the finding that the assessors were in fact applied to for an abatement within six months from the date of the tax bill.

The final contention of the respondent is that the appeal to the Superior Court was not seasonably entered. It was entered on April 6, 1903. Such appeals must be entered on the first return day after the expiration of thirty days from the giving of the written notice of the decision of the assessors. R. L. c. 12, § 78. If the written notice of their decision was the letter of February 18, 1903, the appeal was seasonably entered. Whether that letter was the written notice by the giving of which the time of entering the appeal was to be determined was a question of fact for the commissioner.

There was a request made to the commissioner for a ruling that on all the evidence the petitioner was not entitled to an abatement. So far as the exception to the refusal of this request involves the weighing of the evidence, or the drawing of inferences therefrom, the judgment of the commissioner cannot be revised here upon exception. *National Bank of Commerce* v. *New Bedford, ubi supra.* So far as the request involves questions of law they have been discussed already.

*Exceptions overruled ; judgment affirmed.*

*G. L. Mayberry,* (*F. L. Washburn* with him,) for the respondent.
*F. S. Hesseltine,* for the petitioner.