TABER MILL *vs.* BOARD OF ASSESSORS OF NEW BEDFORD.

Bristol. October 24, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* Abatement. *Mandamus.*

The mere fact, that a corporation, in a list of taxable property filed with the assessors of a city, did not include real estate owned by it, does not deprive it, by reason of G. L. c. 59, § 61, of a right to have the assessors act upon a petition duly filed for an abatement of a tax afterwards

assessed on personal property listed in the return, if it does not appear that the list was not filed in good faith; and, if the assessors without justification delay consideration of and action upon such a petition for an abatement, a writ of mandamus properly may issue to compel such consideration and action on their part.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on August 13, 1927, for a writ of mandamus directing the respondent board forthwith to consider a petition filed by the petitioner on February 4, 1927, for the abatement of a tax assessed by the respondent on the petitioner for the year 1926, and to act upon and decide the same within a reasonable time.

The petition was heard by *Sanderson*, J. Material facts are stated in the opinion. The single justice refused to "rule that the petitioner was without right to have mandamus in its favor because of lack of jurisdiction of respondents to consider and act upon its application for abatement of taxes," and ordered that the writ of mandamus issue. The respondent alleged exceptions.

In its brief before this court, the respondent contended in substance that the failure of the petitioner to include its real estate in its list of taxable property deprived the respondent of jurisdiction to pass upon the petition for abatement; and stated: "The assessors as a tribunal thus being without jurisdiction, are powerless to waive the omission of any imposed formality inasmuch as the requirements of law were not enacted for the benefit of that board but are for the protection of the public and in the general interest."

*B. B. Barney*, for the respondent.

*J. A. Boyer*, for the petitioner.

BRALEY, J. The petitioner, a domestic corporation engaged in the manufacture of cotton cloth in the city of New Bedford, delivered to the respondents, the assessors of taxes, within the time prescribed in their notice to taxpayers for the year 1926, a list of its taxable property which did not include its real estate, and no question is raised that the list was not verified. G. L. c. 59, §§ 29, 31. The assessors valued the property for the purposes of taxation as follows: "Real Estate, $594,875 Personal Property,

$1,255,275"; and assessed a tax thereon in the sum of $51,434.18. The petitioner, claiming that it had been over-taxed, filed with the assessors on February 4, 1927, a petition for abatement.  G. L. c. 59, § 59.

This petition was the sole remedy for an excessive valuation of the petitioner's property.  *Kelley* v. *Barton,* 174 Mass. 396. G. L. c. 59, § 61.  There was no evidence tending to show that the tax list was not filed in good faith, and the petitioner's failure to include real estate did not deprive it of the right to apply for an abatement of the tax on the personal property listed in the return.  G. L. c. 59, §§ 59, 61.  *Wright* v. *Lowell,* 166 Mass. 298.  *Blackstone Manuf. Co.* v. *Blackstone,* 200 Mass. 82, 93.  We find nothing in conflict with our decision in *Central Bank* v. *Lynn,* 259 Mass. 1, cited by the respondents, where it was held that a list not sworn to was not in conformity with G. L. c. 59, § 29, and the refusal of an abatement was sustained.

It was the duty of the board of assessors, who are public officers, to act within a reasonable time upon the petition, and to determine whether an abatement should be granted or refused.  *Milford Water Co.* v. *Hopkinton,* 192 Mass. 491, 497, 498.  *Cox* v. *Segee,* 206 Mass. 380, 382.  *Dexter* v. *Beverly,* 249 Mass. 167.  The petition for abatement was filed February 4, 1927, but the assessors took no action, thus depriving the petitioner of exercising its right of appeal from their decision as provided in G. L. c. 59, §§ 64, 65.  The respondents having introduced no evidence explaining or justifying the delay, their request for a ruling that the court had no jurisdiction to entertain the petition or to issue a writ of mandamus to compel them to pass upon the question of abatement was denied rightly.  *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 164.

*Exceptions overruled.*