SHAWMUT MILLS *vs.* BOARD OF ASSESSORS OF THE CITY OF FALL RIVER.

Bristol.    March 31, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, & FIELD, JJ.

*Tax,* Abatement: application, action by assessors. *Assessors of Taxes. Mandamus.*

Where a petition for a writ of mandamus came before this court upon a bill of exceptions setting forth merely the petition, the answer, the report of an auditor to whom the case was referred, rulings refused by a single justice and an order by him that the writ issue, the only question before this court was whether the writ ought to issue as a matter of law: no element of discretion was involved.

An application for the abatement of taxes, otherwise in accordance with statutory requirements, was sufficient although it was made orally by the taxpayer to the chairman alone of a board of assessors consisting of three members and was not brought to the attention of the other members; and, where the board failed to act upon the application within a reasonable time after it was made, the taxpayer was entitled to maintain a petition for a writ of mandamus to compel the board to consider and act upon it.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Bristol on November 15, 1929, and described in the opinion.

The petition was referred to an auditor, material facts found by whom are stated in the opinion. The case thereafter was heard by *Pierce,* J., who denied certain rulings requested by the respondents and ordered the writ to issue. The respondents alleged exceptions. The bill of exceptions set forth merely the petition, answer, the auditor's report, the rulings refused and the order by the single justice.

*J. L. Hurley,* for the respondent.

*J. F. Doherty,* for the petitioner.

CROSBY, J. This is a petition for a writ of mandamus to compel the respondents, as assessors of Fall River, to consider and act upon two applications of the petitioner for an abatement of taxes assessed upon it for the years 1927 and 1928. The case was referred to an auditor and thereafter a hearing was had upon his report by a justice of this court, who ordered the writ to issue as prayed for. The respondents excepted to the order so entered and to the denial of certain requests for rulings.

The auditor made the following findings: The petitioner for the years 1927 and 1928 seasonably filed with the assessors lists of its property, real and personal, in the form prescribed by law. The present assessors contend that no applications for abatement of said taxes were ever legally made to them for the years in question, and they refuse to act upon the issue of an abatement of such taxes. The petitioner never made written applications to said assessors for abatement of said taxes, but did make oral applications therefor. As to the tax assessed for the year 1927, it was paid under protest by check dated October 29, 1927. On or about February 27, 1928, one Moore, chairman of the board of assessors, called at the office of the petitioner with reference to settling the taxes for the years 1925 and 1926; the negotiations relative thereto were principally conducted by Moore under authority of the other assessors. At this time one Chace, the treasurer of the petitioner, orally applied to Moore for an abatement of the 1927 taxes assessed against both real and personal property. Moore understood that Chace was then making an application for an abatement of the 1927 taxes, and Chace believed that his oral request was a sufficient application therefor.

With reference to the application for abatement of the 1928 taxes, the auditor found that Chace called at the office of the assessors on October 29, 1928, and met Moore and paid by check under protest the taxes assessed for 1928; that just before giving the check Chace orally requested an abatement of this tax which was assessed against both real and personal property. Chace believed that his oral request was a sufficient application, and Moore under-

stood that Chace was making an application for an abatement of the 1928 tax. Moore ceased to be a member of the board of assessors in March, 1929, and up to that time the board had not acted upon the applications for the abatement of the taxes assessed for 1927 and 1928 against local mills. In a number of mill taxes assessed for the years 1925 and 1926, and as to the petitioner's taxes assessed for the year 1926, the assessors granted requests for abatement without applications therefor in writing.

The auditor further found that Moore "believes to the best of his recollection that he informed the other assessors of the petitioner's said oral applications for abatements; but the other two members of his board testified that they were not so informed, and I find as a fact that personally they did not receive that information."

As the case is before us on the pleadings, the auditor's report and the rulings of the single justice, no element of discretion is involved; the only question is whether the writ ought to issue as matter of law. *Hunter* v. *School Committee of Cambridge*, 244 Mass. 296, 297.

It is conceded by the respondents that the applications for abatement under G. L. c. 59, § 59, as amended by St. 1926, c. 71, § 2, are sufficient. *Page* v. *Melrose*, 186 Mass. 361, 363, 364.

The sole issue now presented is whether an application for an abatement made to one member of the board of assessors consisting of three persons and not brought to the attention of the other members or at least to the attention of a majority of the board, is sufficient under the statute. It is not alleged, nor is it contended, that any action of the board should be set aside or modified, or that an abatement should be granted in this proceeding. All that is sought is that the board should consider and act upon the applications heretofore made. The application respecting each abatement was seasonably made to the chairman of the board acting in his official capacity and apparently was so received by him.

It was held in *Roberts Case*, 202 Mass. 536, that a notice in writing, by one applying to a judge of probate for the

commitment of a feeble minded person to the Massachusetts School for the Feeble-Minded under R. L. c. 87, §§ 118, 119, addressed "Overseer of the Poor," sent by mail and placed in a post office box where mail for overseers of the poor of that town was placed, and which was received by one of the overseers without the knowledge of his associates, was sufficient notice under § 119 of the statute. In that case it was said at page 538 by Chief Justice Knowlton: "It comes within the class of notices in which it has been held that, if the notice is given to one member of the board, it is sufficient. *Walpole* v. *Hopkinton*, 4 Pick. 357. *Dalton* v. *Hinsdale*, 6 Mass. 501. *Oakham* v. *Sutton*, 13 Met. 192, 197. *Greene* v. *Taunton*, 1 Greenl. 228. *Gorham* v. *Calais*, 4 Greenl. 475. It is different from a demand upon the county commissioners for official action, neglect of which is visited with a penalty, which was the subject of the decision in *Ilsley* v. *Essex County*, 7 Gray, 465. Where the purpose of a notice is merely to give information to an official board representing a town, in reference to a possible pecuniary liability, it would be unreasonable to hold that the person giving the information must give it personally to every individual member of the board, or that in a matter of this kind he should be obliged to wait until there is a formal meeting of the board. We are of opinion that the notice and the evidence of giving it, produced to the judge, were all that the law requires."

In the case at bar we are of opinion that the applications made to the chairman of the board of assessors were sufficient and that the respondents were bound to consider and act upon them. The applications in the case at bar present a different question from the one that arose in *Ilsley* v. *Essex County, supra,* and *Noyes* v. *Hale,* 137 Mass. 266, cited by the respondents.

As it appears that the respondents failed to act upon the applications within a reasonable time after they were made, a writ of mandamus may properly issue to compel consideration and action thereon. *Taber Mill* v. *Board of Assessors of New Bedford*, 261 Mass. 432.

*Exceptions overruled.*