EASTERN RACING ASSOCIATION, INC. *vs.* ASSESSORS OF
REVERE.

Suffolk.   May 5, 1938. — June 28, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Tax*, Abatement.   *Assessors of Taxes.   Mandamus.*

A taxpayer as a matter of law had no right to a writ of mandamus to
compel assessors to give him a hearing on an application for an abate-
ment of a tax after they had for four months failed to act upon the
application; under the provisions of G. L. (Ter. Ed.) c. 58A, § 6, in
the amended form appearing in St. 1933, c. 167, § 4, his adequate,
and only, remedy after the four months was by appeal within ninety
days to the Board of Tax Appeals or its successor, the Appellate Tax
Board, constituted by St. 1937, c. 400.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on September 2, 1937, for a writ of
mandamus.

The petition was dismissed by order of *Pierce*, J.   The
petitioner alleged exceptions.

*J. F. Myron*, for the petitioner.

*J. F. Dunn*, for the respondents.

DOLAN, J.   This is a petition for a writ of mandamus to
compel the respondent members of the board of assessors
of the city of Revere to consider forthwith seven applica-
tions of the petitioner for abatement of certain real estate
taxes for the year 1936, and to act upon and decide them
"within a reasonable time, to be designated by said court."
The case comes before us on exceptions taken to the order
of a single justice of this court dismissing the petition as a
matter of law.

The petitioner is the owner of certain real estate which is
located in the city of Revere, and which is used by the
petitioner in its business of conducting horse racing meet-
ings in the cities of Revere and Boston.   The respondents
valued seven parcels of the petitioner's real estate for the

purposes of taxation for the year 1936 at $813,800, and assessed upon the petitioner for that year taxes in the sum of $32,552. On September 30, 1936, the petitioner filed seven applications for abatements of the taxes assessed upon the respective parcels of real estate involved. The petitioner alleged in its petition that the respondents asked if it desired a hearing in the matter of the applications and that the petitioner "replied 'Yes' in writing" upon the date just mentioned. It further alleges that the representative of the petitioner was informed by the respondents that they were busy, that a large number of other applications for abatement were pending on which hearings were to be held, and that it would be months before they could give a hearing on the petitioner's applications. The petitioner also alleges that the respondents, "contriving and intending to defeat and delay the petitioner in securing redress from said over-assessments, though often requested to act upon said seven applications for abatements, have neglected and refused and still neglect and refuse to act upon them, and the petitioner is informed and believes that they will not act upon them for a long and indefinite period in the future, or not at all, unless ordered to do so by this" court. The respondents answered admitting the facts relative to the valuation of the premises in question, the assessment of the taxes thereon and the other allegations of the petition, except those relating to the promise of hearing, the statements attributed to them that it would be months before they could hear the petitioner's applications, and the charges that their action was taken to defeat and delay the petitioner from securing redress. Further answering the respondents pleaded that "the petition does not set forth any cause for which the court could issue a writ of mandamus," and that the petitioner "has a full, complete and adequate remedy at law."

The Appellate Tax Board (see St. 1937, c. 400, § 3) was created under the name of the Board of Tax Appeals by G. L. (Ter. Ed.) c. 58A, § 1 (see St. 1930, c. 416, § 1). Section 6 of that chapter, prior to the enactment of St. 1933, c. 167, § 4, authorized a taxpayer who had applied

to a board of assessors for the abatement of a tax, whenever that board failed to act upon the application (except with the consent of the applicant) within four months from its date, to appeal as if the board had in fact denied the application, but provided that the time for appeal should not begin to run until the application was in fact denied. By St. 1933, c. 167, § 4, however, it was provided, in part, that "Whenever the commissioner of corporations and taxation, in this chapter called the commissioner, or a board of assessors, before whom or which an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application, except with the written consent of the applicant, prior to the expiration of four months from the date of filing of such application, it shall then be deemed to be denied, and the taxpayer shall have the right, at any time within ninety days thereafter, to take any appeal from such denial to which he may be entitled by law, in the same manner as though the commissioner or board of assessors had in fact refused to grant the abatement applied for." G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1935, c. 187, § 1, provides, in part, that "A person aggrieved by the tax assessed upon him may, on or before October first of the year to which the tax relates, apply in writing to the assessors, on a form approved by the commissioner, for an abatement thereof, and if they find him taxed at more than his just proportion, or upon an assessment of any of his property in excess of its fair cash value, they shall make a reasonable abatement . . . ." G. L. (Ter. Ed.) c. 59, § 63, reads as follows: "Assessors shall, within ten days after their decision on an application for an abatement, give written notice thereof to the applicant."

The petitioner has argued that the only question for determination is whether the provisions of G. L. (Ter. Ed.) c. 58A, § 6, as amended by St. 1933, c. 167, § 4, before referred to, relieve the respondents of the duties laid upon them by G. L. (Ter. Ed.) c. 59. The statutes above referred to imposing the duty of receiving, hearing and deciding applications for abatement of taxes, in themselves

contain no provision for appeal from the action which a board of assessors may take in the premises.   The provisions for appeal, as will be observed from what is said before, are comprised within the statutes relating to the creation and duties of the Appellate Tax Board.   The rules governing the interpretation of statutes are well defined in such cases as *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148, *Kneeland* v. *Emerton,* 280 Mass. 371, 376, and *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 492. The statutes bearing on the subject matter before us should be read as a whole and "ought, if possible, to be so construed as to make . . . [them] . . . effectual piece[s] of legislation in harmony with common sense and sound reason."   *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 492.   In enacting the statute creating the "Board of Tax Appeals" and the amendments thereto, the Legislature must be presumed to have known of the existing provisions of the statutes applicable to the assessment of taxes, and the means provided for abatement thereof.   See *Devney's Case,* 223 Mass. 270.   "The principle of interpretation is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them."   *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 17.   See also *Goodale* v. *County Commissioners of Worcester,* 277 Mass. 144, 151.

Guided by these principles in our examination of the statutes involved, we are of opinion that there is no real repugnancy between them, and that the provisions of G. L. (Ter. Ed.) c. 58A, as amended, were not intended to relieve the commissioner and boards of assessors from the duties imposed upon them by G. L. (Ter. Ed.) c. 59, as amended, in the matter of entertaining, hearing and deciding applications for abatement of taxes filed with them in due course, and that under the first statute referred to it was not contemplated that boards of assessors would not ordinarily perform those duties within the time fixed by law. In creating what is now the Appellate Tax Board, it was

the clear intention of the Legislature to establish a comprehensive system whereby all appeals from the actions of taxing authorities of the Commonwealth and its municipalities should be heard and determined by that board. St. 1933, c. 167, § 4, is an express amendment to the prior law relative to the jurisdiction of appeals in tax matters to what is now the Appellate Tax Board. It gives evidence of recognition by the Legislature that in some instances the commissioner or a board of assessors might fail to act upon an application for abatement of a tax within four months after its receipt, and in such case redress is given to one aggrieved by providing that such failure to act shall be deemed to be a denial, and that thereupon the person aggrieved "shall have the right, at any time within ninety days thereafter, to take any appeal from such denial . . . in the same manner as though the commissioner or board of assessors had in fact refused to grant the abatement applied for." It was the intention of the Legislature by these provisions, not to excuse the commissioner or boards of assessors from the performance of duties, but rather to provide an adequate remedy at law in the event that either did fail to perform them within a fixed time.

Upon the failure of the respondents in the instant case to take action upon the petitioner's applications for abatement prior to the expiration of four months after their receipt, full opportunity was accorded the petitioner to take its appeal within ninety days thereafter as provided by the statute. Upon the expiration of four months from the filing of the applications of the petitioner without action by the respondents, the applications for abatement were deemed to be denied by operation of law. The remedy for the petitioner was by appeal within ninety days to the Appellate Tax Board. The petitioner, having failed to pursue that adequate remedy at law, lost its rights and is foreclosed. See *Sears* v. *Nahant*, 208 Mass. 208, 209, 210, and cases cited.

*Exceptions overruled.*