ASSESSORS OF BOSTON *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY
(and fifteen companion cases between the same parties).

Suffolk. May 10, 11, 1956. — September 14, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Taxation,* Real estate tax: abatement.

An application for abatement of local real estate taxes included "a sufficient description" of the particular real estate as to which the abatement was requested within the requirements of G. L. (Ter. Ed.) c. 59, §§ 61, 64, as amended, where, in addition to giving other information, it identified such real estate by street and number and by express reference by ward, page and line to the books of the assessors where the location of the real estate, its footage, its assessment, and the name of its owner were recorded.

APPEALS from decisions by the Appellate Tax Board.

*Herbert Fenderson,* Assistant Corporation Counsel, for the assessors of Boston.

*Charles C. Cabot, (William M. Hogan, Jr., & George N. Hurd, Jr.,* with him,) for the taxpayer.

WILLIAMS, J. These are sixteen appeals by the assessors of Boston from decisions of the Appellate Tax Board granting New England Telephone and Telegraph Company abatements of taxes assessed on four parcels of the company's real estate for the years 1949, 1950, 1951, and 1952. Written applications for abatement were seasonably filed by the taxpayer on forms approved by the commissioner of corporations and taxation. G. L. (Ter. Ed.) c. 59, § 59, as amended. The assessors having failed to act upon these applications within three months after the respective dates of filing, they were deemed to have been denied (§ 65, as amended) and the taxpayer appealed from each denial to the Appellate Tax Board. See c. 58A, § 6, as amended. The appeals were heard by that board under formal procedure. In each case it overruled pleas of the assessors averring that the appeal was barred and that the board had no jurisdiction to hear it because the taxpayer had not furnished a "sufficient description" of the real estate concerning which the abatement was requested as required by §§ 61 and 64 of c. 59 and granted an abatement. The assessors appealed in each case from the denial of their pleas and the board's refusal to rule that the application for abatement did not include a sufficient description of the particular real estate. No questions are now raised as to the propriety of the amounts of the granted abatements. The sole point at issue is the sufficiency of the respective descriptions contained in the applications.

Section 61, as amended by St. 1933, c. 165, § 2, provides in part that in an application for abatement the applicant shall include "a sufficient description in writing of the particular real estate as to which an abatement is requested." See also § 64, as amended. The purpose of the requirement is to provide the assessors with information adequate to

identify the parcel concerning which the claim for tax abatement is made. See *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508, 510; *West Boylston Manuf. Co.* v. *Assessors of Easthampton,* 277 Mass. 180, 186; *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 313. In the instant cases the several applications were generally similar in form and content. They related to four parcels of real estate with buildings thereon located in an area bounded by Batterymarch, Milk, Pearl, and High streets. The buildings were respectively numbered 83 Batterymarch Street, 117–121 Milk Street, 123–127 Milk Street, and 11–27 Oliver Street. From evidence which is reported it appeared that 83 Batterymarch Street was an office building of eleven stories having exterior walls of brick with natural stone trim constructed in 1910–1911 on a lot of irregular shape containing 12,346 square feet. 117–121 Milk Street, 123–127 Milk Street, and 11–27 Oliver Street were three interconnected buildings, each of nine stories, constructed of brick and stone and located at the southwest corner of Oliver and Milk streets. 117–121 Milk Street was constructed in 1894, 123–127 Milk Street in 1898, and 11–27 Oliver Street in 1914. They stood on a lot having a total area of 22,306 square feet. On the ward books kept by the assessors the respective areas of the four parcels were stated to be 12,346, 6,911, 9,055, and 6,340 square feet. The board found that "Each application for abatement contained the following information: the name of the person assessed and paying the tax, the total assessed valuation, the location of the property by street and number as well as by the ward, line and page number of the assessors' records referring to the property, the applicant's estimate of value, the assessed valuation of both land and building, the amount of the tax assessed, a statement that the owner had no interest in the property prior to acquisition, the description of the building as a stone business building, a statement that the building is owner occupied, information relative to a bond indenture covering all the property of the appellant, the date the land was acquired, the year of construction of the building and the cost of same."

In our opinion the descriptions of the separate properties contained in the applications were sufficient to advise the assessors of the specific parcels of real estate concerning which the abatements were claimed. Identification with properties which had been assessed was made certain by express reference by page and line to the books of the assessors where the location of the parcels, their footage, their assessments, and the names of the owners were recorded. There was no error in denying the pleas of the assessors or in refusing to rule that the descriptions in the applications were insufficient.

The taxes assessed on the described parcels of real estate for the years 1949, 1950, 1951, and 1952 are abated in the amounts ordered by the Appellate Tax Board, with costs.

*So ordered.*