MALCOLM E. MacDONALD, trustee, *vs.* BOARD OF ASSESSORS
OF MASHPEE.

Suffolk.  October 7, 1980. — November 3, 1980.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Taxation,* Real estate tax: abatement. *Appellate Tax Board,* Jurisdiction, Informal procedure, Appeal.

A taxpayer's failure to include on his application for abatement of real estate taxes a statement of reasons for his application did not deprive the Appellate Tax Board of jurisdiction of the taxpayer's appeal from the denial of his application by a town's board of assessors. [724-726]

Upon appeal by a board of assessors from a decision of the Appellate Tax Board in a proceeding under the informal procedure prescribed by G. L. c. 58A, § 7A, the assessors were precluded from raising evidentiary issues. [726]

APPEAL from a decision of the Appellate Tax Board.

*Joseph J. Reardon* for the Board of Assessors of Mashpee.

WILKINS, J.   The assessors of Mashpee have appealed from a decision of the Appellate Tax Board (board) granting a partial abatement of taxes assessed on certain real estate. They argue that the taxpayer's appeal to the board should have been dismissed because the board lacked jurisdiction of the appeal and that the board erred in admitting certain evidence.   We conclude that the board had jurisdiction of the appeal and that, because the proceedings before the board were under the informal procedure, the assessors have no right to present the evidentiary question in this court.   We affirm the board's decision.

1.   The taxpayer seasonably filed, on a form approved by the Commissioner of Revenue, two applications for abatement of his 1979 fiscal year taxes.   In those applications the taxpayer identified, as to each parcel separately assessed, the record owner and his address, the real estate involved, the assessed valuations, and the amount of the taxes assessed. As to the portion of the form calling for a "[c]omplete statement of reasons for this application," the taxpayer stated in each instance that "[f]urther information will be furnished at a later date."

The assessors denied the application for abatement, and the taxpayer filed with the board a statement under the informal procedure relating to both the parcels separately assessed. See G. L. c. 58A, § 7A. The assessors did not act to remove the matter from the informal procedure, as was their right under § 7A. If the assessors had done so, they would have preserved all rights on appeal.

The assessors moved to dismiss the appeal on the ground that the taxpayer never submitted the "further information" as represented in the applications for abatement and that, in the absence of the disclosure of that information, the board must dismiss the appeal. Although the record on appeal here does not show that the motion was presented to the board and denied, we shall assume that to be the case.

An application for abatement must be submitted "on a form approved by the commissioner" of revenue. G. L. c. 59, § 59, as amended through St. 1977, c. 198. See *Keegan* v. *Assessors of Boston*, 334 Mass. 169, 170 (1956) ("an application upon an approved form containing certain information"). The use of an approved form is essential to the jurisdiction of the assessors and of the board on appeal. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 493 (1936). However, "[t]he commissioner could not under the guise of approving a form for an application impose upon the taxpayer an obligation to furnish information not required by the statute expressly or by implication." *Assessors of Brookline* v. *Prudential Ins. Co.*, 310 Mass. 300, 308 (1941).

There is no statutory requirement that an application for abatement set forth reasons for the application or provide detailed information. There is a requirement that an application "include a sufficient description in writing of the particular real estate as to which an abatement is requested." G. L. c. 59, § 61, as amended by St. 1933, c. 165 § 2. Omission of such a description would be fatal. See *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket*, 320 Mass. 311, 314 (1946). Similarly, failure to make a timely application for an abatement would be fatal. *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth*, 368 Mass. 745, 748 (1975). We have never held, however, that an application for abatement must contain more information than is required by statute. See Semerjian, Real Estate

Tax Abatement Procedure in Massachusetts, 61 Mass. L. Q. 199, 201 n.29 (1977). The application is properly viewed as notice of the taxpayer's assertion that he objects to the assessors' action. *Assessors of Boston* v. *Neal*, 311 Mass. 192, 196 (1942). *Assessors of Brookline* v. *Prudential Ins. Co.*, 310 Mass. 300, 310-312 (1941). If assessors want additional information, they may request it from the taxpayer (see G. L. c. 59, §§ 38B and 61A), who would fail to furnish it at his peril. See *Assessors of Provincetown* v. *Vara-Sorrentino Realty Trust*, 369 Mass. 692, 694-695 (1976).

In the absence of a statutory requirement that the application contain a statement of reasons for the application or information supportive of the claim, we conclude that the absence of such information on the "approved form" did not deny the board jurisdiction of the appeal. In reaching this conclusion, we should not be understood to imply that it is tactically wise to fail to make full disclosure to assessors of the asserted basis for an abatement application.

2. The assessors' challenge to the board's rulings on the admissibility of certain evidence is not properly before us. See *Palladino* v. *Assessors of Braintree*, 373 Mass. 665, 667-668 (1977). The proceeding was commenced before the board under the informal procedure prescribed by G. L. c. 58A, § 7A. Because the properties were assessed individually at a value of more than $20,000, the assessors had the right to elect to have the appeal heard under the formal procedure. G. L. c. 58A, § 7A. They did not do so. In such a case, under G. L. c. 58A, § 7A, all right of appeal is waived by the appellee, "except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board." *Palladino* v. *Assessors of Braintree, supra* at 668. Unlike the jurisdictional question addressed above, the evidentiary issues argued by the assessors in this appeal are not questions of law raised by the pleadings. Nor are the issues shown by a report of the board or raised in a statement of agreed facts.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*