266                                              393 Mass. 266

Children's Hospital Medical Center v. Board of Assessors of Boston.

THE CHILDREN'S HOSPITAL MEDICAL CENTER *vs.* BOARD OF
ASSESSORS OF BOSTON.

Suffolk.   September 14, 1984. — November 8, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation,* Real estate tax: exemption, abatement. *Charity. Appellate Tax
Board,* Jurisdiction.

A charitable corporation's filing of any form approved for the purpose of ap-
plying for an abatement of real estate tax is sufficient to invoke the
jurisdiction of a city's board of assessors and of the Appellate Tax Board
on review, regardless of the grounds for seeking the abatement, where
the jurisdictional requirements of G. L. c. 59, § 5, Third, have been
met by the corporation's filing of Department of Revenue Form 3 ABC.
[267-269]
There was no merit to the contention of local assessors that a certain building
was unlisted and unidentified for the purposes of Department of Revenue
Form 3 ABC, where the building was adequately described on the form
as being part of another parcel of land. [270]

APPEAL from a decision of the Appellate Tax Board.

*Kenneth J. Mickiewicz* for the taxpayer.

*Peter Antell,* Special Assistant Corporation Counsel, for the
Board of Assessors of Boston.

HENNESSEY, C.J. The Children's Hospital Medical Center
(CHMC) is appealing a decision of the Appellate Tax Board
(board) dismissing its appeal for lack of jurisdiction, on the
ground that CHMC failed to use the proper form in claiming
a property tax exemption under G. L. c. 59, § 5, Third. On
cross appeal, the board of assessors of the city of Boston
(assessors) contends that CHMC failed to list certain of its
property on Form 3 ABC (Return of Property Held for Charit-
able and Other Purposes), and that this failure deprives the
board of jurisdiction to consider an exemption for such unlisted
property.

A detailed statement of the proceedings which led up to this
dispute is set forth in our first review of this same application

393 Mass. 266                                              267

Children's Hospital Medical Center v. Board of Assessors of Boston.

for an abatement. See *Children's Hosp. Medical Center* v. *Assessors of Boston,* 388 Mass. 832 (1983) (*Children's I*). On September 30, 1977, CHMC was assessed $170,049.96 in property taxes on two separate parcels of real estate. *Id.* at 833. On October 28, CHMC applied for an abatement of these taxes on a form approved by the Commissioner of Corporations and Taxation (Form 123). Shortly thereafter, CHMC received "Abatement Information Requisitions" which it completed and filed with the assessors in December. Evidently CHMC had indicated on these forms that it "was a charitable organization and that the parcels were used by it or by another charitable organization for the purposes of the organization." *Id.* at n.4.

CHMC's abatement applications were ultimately denied, and it appealed to the board. The board dismissed the appeal on the ground that CHMC had failed to make a timely filing of Form 3 ABC, which deprived the board of jurisdiction to consider CHMC's claim for an exemption under G. L. c. 59, § 5, Third. On appeal, we agreed with the board that the filing of Form 3 ABC was jurisdictional, and we remanded the case for the board to reconsider whether, in fact, Form 3 ABC had been seasonably filed. *Id.* at 843. Moreover, we also requested the board to determine whether the filing of Form 1B-3 (Application for Statutory Exemption) was also required by G. L. c. 59, § 5, Third, "so as to make its filing an element of the jurisdiction of the assessors to grant an exemption and of the board to review a decision of the assessors." *Id.* at 845.

On remand, the board found that CHMC had seasonably filed Form 3 ABC with the assessors. However, the board also determined that a person applying for an abatement on the ground of a statutory exemption must do so on a Form 1B-3. Because CHMC conceded that no Form 1B-3 had been filed, the board reaffirmed its decision and dismissed CHMC's appeal for lack of jurisdiction. We reverse, and once again remand the case for further proceedings by the board.

1. *Form 1B-3.*

It is well established that a statutory exemption is an appropriate ground for seeking an abatement. *Norwood* v. *Norwood Civic Ass'n,* 340 Mass. 518, 523 (1960). *Assessors of Everett*

v. *General Elec. Co.,* 330 Mass. 464, 468-469 (1953). See, e.g., *Trustees of Smith College* v. *Assessors of Whately,* 385 Mass. 767, 768 (1982). Accordingly, the procedure set forth in G. L. c. 59, §§ 59 and 60, for applying for an abatement is available to one seeking an abatement on the ground of an exemption.

General Laws c. 59, § 59, as amended through St. 1978, c. 580, § 33, provides that "[a] person upon whom a tax has been assessed . . . if aggrieved by such tax, may . . . apply in writing to the assessors, on a form approved by the commissioner, for an abatement thereof." See generally *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489 (1936). Nowhere in the statute is there any requirement "that an application for abatement set forth reasons for the application or provide detailed information." *MacDonald* v. *Assessors of Mashpee,* 381 Mass. 724, 725 (1980). Therefore, there is no requirement for a "taxpayer seeking an abatement of a tax wrongfully assessed upon exempt property to specify such a ground in his application." *Assessors of Boston* v. *Boston Elevated Ry.,* 320 Mass. 588, 593 (1947).

The application is not "in its nature the presentation of evidence." *Assessors of Brookline* v. *Prudential Ins. Co.,* 310 Mass. 300, 312 (1941). Rather, it serves merely as "notice of the taxpayer's assertion that he objects to the assessors' action." *MacDonald* v. *Assessors of Mashpee, supra* at 726. If the assessors require more information than is provided by this notice, they can request it through the mechanism provided by G. L. c. 59, § 61A. However, the assessors cannot "under the guise of [requiring] a form for an application impose upon the taxpayer an obligation to furnish information not required by the statute expressly or by implication." *Assessors of Brookline* v. *Prudential Ins. Co., supra* at 308.

CHMC filed its application on Form 128, which is a form that has been "approved by the Commissioner" for the purpose of applying for an abatement. It then seasonably responded to the assessors' "Abatement Information Requisitions" notifying the assessors that it was a charitable organization occupying the real estate at issue for charitable purposes. Given the lan-

guage of G. L. c. 59, § 59, and its consistent interpretation by this court, CHMC did all that it was required to do to obtain its abatement.

The assessors claim that they are entitled to require the use of different forms for an abatement depending on the grounds upon which the abatement is sought. For example, they argue that Form 128 should be used where an abatement is sought on the grounds of overvaluation or disproportionate assessment, whereas Form 1B-3 should be used where an abatement is sought on the ground of a statutory exemption. The assessors further note that Form 1B-3 requires that the applicant respond to certain questions, the answers to which will determine whether the applicant is entitled to an exemption. In fact, the assessors argue that because CHMC failed to file Form 1B-3 the assessors were not even put on notice of the claim for a statutory exemption until CHMC filed its appeal before the board, on April 28, 1978.[1]

It may well be convenient for the assessors to receive abatement applications on different forms, each with a distinctive color and number depending upon the grounds on which the abatement is sought. But a matter of administrative convenience cannot rise to the level of a jurisdictional prerequisite, in the absence of statutory language to that effect. Cf. *Children's I, supra* at 837 ("clear terms of the statute" provide that the filing of the information required by Form 3 ABC is jurisdictional). In sum, we conclude that in a case like this one, where the jurisdictional requirements of the statute are met by the timely filing of Form 3 ABC, the filing of any form approved for the purpose of applying for an abatement is sufficient to invoke the jurisdiction of the assessors and of the board on review, regardless of the grounds upon which an abatement is sought.[2]

---

[1] This argument seems somewhat disingenuous in view of the fact that CHMC filled out and returned its Abatement Information Requisitions on December 19, 1977, over four months before it petitioned the board, and that CHMC had indicated on these Requisitions that it was a charitable organization.

[2] As we noted in *MacDonald* v. *Assessors of Mashpee,* 381 Mass. 724, 726 (1980), "we should not be understood to imply that it is tactically wise

*2. The Sufficiency of the Description of the Exempt Property on Form 3 ABC.*

The argument of the assessors that the property on 55 Shattuck Street was "[u]nlisted [a]nd [u]nidentified" for the purposes of Form 3 ABC is without merit. On June 13, 1983, the board took a view of the premises, and concluded that 55 Shattuck Street, as one of the buildings located on the 300 Longwood Avenue parcel, was adequately described by the designation of 300 Longwood Avenue on the form.[3] We agree. Further, even if there was some slight inaccuracy or omission in the list set forth on Form 3 ABC, as long as it was made innocently and caused no inconvenience to the assessors, it would not deprive the board of jurisdiction to grant the abatement. *West Boylston Mfg. Co.* v. *Assessors of Easthampton,* 277 Mass. 180, 188 (1931).[4]

The decision of the Appellate Tax Board is reversed and the case is remanded to the board for further proceedings in conformity with this opinion.

*So ordered.*

to fail to make full disclosure to assessors of the asserted basis for an abatement application" by filling out completely, and filing, the appropriate forms. Nor do we suggest, in any way, that the board has jurisdiction to consider an application for an abatement "where those proceedings are commenced at a later time or prosecuted in a different manner from that prescribed by statute." *Children's I, supra* at 838, quoting *Nature Church* v. *Assessors of Belchertown,* 384 Mass. 811, 812 (1981).

[3] Unlike the jurisdictional issue resolved above, the adequacy of the description of 55 Shattuck Street "is a mixed question of fact and law. As the board is the State agency charged with administering the tax abatement process, its determination is due some deference." *French* v. *Assessors of Boston,* 383 Mass. 481, 482 (1981).

[4] The property at 55 Shattuck Street is, in fact, included on the form as the post office address for 300 Longwood Avenue. Moreover, CHMC has pointed out, and the assessors do not contest, that 55 Shattuck Street has been exempt since 1902, and the assessors are "presumed in general to be familiar with the outstanding features of their respective municipalities." *West Boylston Mfg. Co.* v. *Assessors of Easthampton, supra* at 186. Therefore, it is not apparent what, if any, administrative considerations demand that 55 Shattuck Street be listed separately.