D.S.M. REALTY, INC. *vs.* BOARD OF ASSESSORS OF ANDOVER. No. 87-270. January 25, 1988. *Taxation,* Real estate tax: classification of property, recreational land; Leased property. *Appellate Tax Board,* Jurisdiction.

The plaintiff is the owner of 155 acres of land in Andover. The land is leased to a for-profit corporation which operates a private country club on the property. Much of the land is used as a golf course open only to members of the club. The plaintiff filed timely applications to the board of assessors of Andover (assessors) for classification of the land for the 1985 and 1986 fiscal years as "recreational land" within G. L. c. 61B. The applications were made on forms approved by the commissioner of revenue. The plaintiff provided the information requested on the forms, signed them, and duly certified to the truth of their contents. The forms also stated the following above a space provided for a lessee's signature and date: "NOTE: IF LAND IS BEING LEASED to another, . . . the following statement must be signed by the lessee. I _____ lessee of the . . . property hereby certify that the land is being used as described . . . and that I intend to so use the land in this manner during the fiscal year to which this application applies." On each of the plaintiff's applications that space was left blank, and no lessee's signature appeared. The assessors denied the applications on their merits, and the plaintiff appealed to the Appellate Tax Board (board), following the formal procedure. The parties adopted a statement of agreed facts relating to the merits of the plaintiff's applications for both years. Then the assessors, raising the issue for the first time, moved to dismiss the appeals for failure of the plaintiff to submit the applications for classification in conformity with the requirements of the statute.

After hearing, the board dismissed the plaintiff's appeals for lack of jurisdiction. The decision essentially rests on the conclusion that, because the lessee's signature was absent from the applications, the required statutory proceedings had not been followed. Jurisdiction on the part of the assessors to consider the applications, therefore, according to the board, was lacking.

The right to classification under G. L. c. 61B is analogous to the right to a tax abatement. Numerous cases hold that an application in conformity with the applicable statute is essential to jurisdiction on the part of assessors to grant an abatement and that "the board . . . has no jurisdiction on appeal from the assessors to abate a tax which the assessors had no jurisdiction to abate." *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 492 (1936). However, the assessors cannot "under the guise of [requiring] a form for an application impose upon the taxpayer an obligation to furnish information not required by the statute expressly or by implication." *Assessors of Brookline* v. *Prudential Ins. Co.,* 310 Mass. 300, 308 (1941). See also *Assessors of Quincy* v. *Boston Consol. Gas Co.,* 309 Mass. 60, 69-72 (1941); *MacDonald* v. *Assessors of Mashpee,* 381 Mass. 724, 725 (1980); *Children's Hosp. Medical Center* v. *Assessors of Boston,* 393 Mass. 266, 268 (1984). The plaintiff takes the position on appeal that the lessee's signature, although called for in the application, was not required by statute.

General Laws c. 61B, § 3, inserted by St. 1979, c. 713, § 1, sets forth the procedure a landowner must follow in applying to have his land classified as recreational for purposes of receiving favorable tax treatment. That section provides:

> "Application . . . shall be submitted to the board of assessors . . . not later than October first of the year preceding each tax year for which such . . . taxation is being sought. Application shall be made on a form prescribed by the commissioner . . . . Such form shall provide for the reporting of information pertinent to the provisions of this chapter and for certification by the applicant that he will immediately notify the board of assessors in writing of any subsequent circumstance within his control or knowledge which may cause a change in use of the land covered by such form prior to October first next following. Any application submitted under this section and covering leased land shall be accompanied by a written statement by the lessee of his intent to use such land for the purposes set forth in said application. A certification by a landowner that the information set forth in his application is true may be prescribed by said commissioner to be in lieu of a sworn statement to that effect. An application so certified shall be considered as if made under oath and subject to the same penalties as provided by law for perjury."

The plaintiff bases the argument that the lessee's signature was not required on the applications on the last two sentences of § 3. According to the plaintiff, those sentences mean that certification by a landowner is an acceptable substitute for a lessee's signature. We disagree with that interpretation. All that is expressed by the sentences on which the plaintiff relies is the notion that a landowner's certification is the equivalent of a sworn statement. If the last two sentences mean what the plaintiff argues they mean, the requirement of a lessee's signature would be altogether meaningless. Moreover, no useful purpose would be served by eliminating the requirement of a lessee's signature. For leased land, it is the lessee's, not the landowner's, use of the property and intent with regard to its use which are crucial to the determination of the right to have the land classified as recreational.

Alternatively, the plaintiff relies on the assessors' lateness in raising the issue of the missing lessee's signature as constituting a waiver of the lack of jurisdiction. "[A] statutory prerequisite to jurisdiction [,however,] cannot be waived by any act of the assessors." *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. at 494. We are constrained to so rule in this case even if, at least as to the application for the second of the two years involved, the plaintiff may have been misled to its detriment by the assessors' conduct. That misleading conduct consisted of deciding the first application on the merits and not raising the jurisdictional issue until after the second applica-

tion was due, by which time it was too late to cure the defect in the second application. Based upon our understanding of the cases cited, we do not think that *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51, 56 (1982), on which the plaintiff relies to bar the assessors from relying on the lack of jurisdiction, applies in the context of a claim against assessors for favorable tax treatment.

Accordingly we affirm the orders of the board dismissing the appeals.

*So ordered.*

The case was submitted on briefs.
*Joseph F. Dalton* for the plaintiff.
*John M. Lynch* for the defendant.