STANLEY P. ROKETENETZ, JR. *vs.* BOARD OF ASSESSORS OF LYNNFIELD. No. 07-P-1407. August 18, 2008. *Taxation,* Real estate tax: abatement, Appellate Tax Board: formal procedure.

The plaintiff[1] applied for an abatement of real estate taxes assessed against his residence by the defendant board of assessors of Lynnfield (board). Pursuant to G. L. c. 59, § 61A, the board directed him to allow the board access to the interior of his home, for the purpose of viewing its condition. The plaintiff refused, based on his contention that the board was required to obtain a warrant for such access. The board thereafter denied the plaintiff's application for an abatement, citing his refusal of the board's request. The plaintiff timely appealed the board's denial of his application to the Appellate Tax Board. The board moved to dismiss the appeal, based on the plaintiff's failure to provide the requested access. After a hearing, the Appellate Tax Board denied the board's motion to dismiss, but ordered the plaintiff to allow an inspection of his home within thirty days. The plaintiff refused, and the board again moved to dismiss the appeal, this time on the basis of the plaintiff's refusal to comply with the Appellate Tax Board's discovery order. The Appellate Tax Board allowed the motion, and this appeal followed.

The authority of a board of assessors to require an applicant for an abatement to "exhibit" the property for which abatement is sought is grounded in statute. See G. L. c. 59, § 61A. Whatever the board's powers and rights may be, the authority of the Appellate Tax Board to issue discovery orders for the development of information material to an abatement application is clear, as is the authority of that board to dismiss an application for failure to comply with a discovery order. See *Assessors of Provincetown* v. *Vara-Sorrentino Realty Trust,* 369 Mass. 692, 694 (1976). See also 831 Code Mass. Regs. § 1.25 (2007) (referring to G. L. c. 231, §§ 61-67); G. L. c. 231, § 64 (regarding penalties for failure to comply with a discovery order issued by the Appellate Tax Board). Furthermore, the protection of the Fourth Amendment to the United States Constitution against unreasonable searches and seizures is not offended by a particularized discovery order issued by a quasi judicial body in a contested matter after an adjudicatory hearing, as compared to a discretionary decision made by an executive enforcement officer. See *Camara* v. *Municipal Ct.,* 387 U.S. 523, 529 (1967).[2]

*Decision of the Appellate Tax Board affirmed.*

*Brian J. Kelly* for the plaintiff.

*Thomas A. Mullen* for the defendant.

---

[1]Although she appeared as a plaintiff below, Harriet Roketenetz is not a party to this appeal as she did not pay a separate docket fee or seek a waiver of that fee. References in this decision to the plaintiff are to Stanley P. Roketenetz, Jr.

[2]There is no indication in the record that the assessors imposed a palpably unreasonable tax against the plaintiff, as a subterfuge for the purpose of gaining access to the interior of his home. In any event, the interposition of the Appellate Tax Board in weighing whether to issue an order for inspection, and what sanction to impose upon violation of such an order, stands as a check against the potential for any such abuse.